UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shawn Neal,

    Plaintiff,

vs.

Case No. 02-75102
HON. GERALD E. ROSEN
MAGISTRATE JUDGE R. STEVEN WHALEN

**City of Detroit** a municipal corporation,
Detroit Police Officer **Miguel Bruce**,
Detroit Police Officer **Derryck Thomas** and
**Benny Napolean**, Former Chief of Police,

    Defendants.

Magistrate Judge:

Brian A. Kutinsky (P-39107)
Attorney for Plaintiff
25505 W. Twelve Mile Road, Ste 1000
Southfield, MI 48034
(248) 353-5595

Removal From:
Case No. 02-233973 NO
Hon. Louis F. Simmons, Jr.
Wayne County Circuit Couirt

Jacob Schwarzberg (P-37693)
Attorneys for Defendants, City of Detroit
and Benny Napoleon, Only
City of Detroit Law Department
1650 First National Building
Detroit, Michigan 48226
(313) 237-3036

FILED
02 DEC 23 P3:48

## NOTICE OF REMOVAL OF CIVIL ACTION FROM WAYNE COUNTY CIRCUIT COURT BY DEFENDANT'S CITY OF DETROIT AND BENNY NAPOLEON, FORMER CHIEF OF POLICE, ONLY

Defendants, City of Detroit, and Benny Napoleon, Former Chief of Police, only, pursuant to 28 U. S. C. §1441 and 1443(2), remove this civil action predicated upon the following:

1. On September 25, 2002, Plaintiff commenced this action in the Third Judicial Circuit Court of Michigan. It is now pending before the Honorable Louis F. Simmons, Jr., Case No. 02-233973- NO.

2. On or about November 27, 2002, Plaintiff served Defendant, City of Detroit with a summons a complaint. On information and belief, Benny Napoleon, Former Chief of Police, has not been served with a summons and complaint. However, Defense counsel accepts service on behalf of Benny Napoleon, Former Chief of Police.

3. Defense counsel represents to this court that when the other named Defendant Police Officers, Miguel Bruce and Derryck Thomas, are served with a summons and complaint, then, based on past practice, they will appear at the City of Detroit's Law Department and request legal representation in this matter. Once they have been assigned defense counsel then, also, based on past practice, the individually named police officers will join in the removal of this action to the United States District Court.

4. Plaintiff's complaint alleges that he resides in the County of Wayne, State of Michigan.

5. This is a civil action in which the Plaintiff seeks monetary relief for alleged misconduct by the City of Detroit and Benny Napoleon, Former Chief of Police, including Detroit Police Officers Miguel Bruce and Derryck Thomas, who, on

information & belief have not yet been served with a summons and complaint. In his complaint, the Plaintiff alleges both state and federal causes of action.

6. Count IV, paragraphs 48 - 54 of the complaint, alleges that the unserved Defendants, Detroit Police Officers Miguel Bruce, and Derryck Thomas, including Benny Napoleon, Former Chief of Police, violated the Plaintiffs first, fourth, fifth and fourteenth Amendment Rights.

7. Count V, Paragraphs 56 - 58 of the Complaint, alleges that Defendant, City of Detroit, violated the Plaintiffs due process rights under the 4th and 14th Amendments of the United States constitution.

Count VI, paragraphs 59 - 67 of the complaint, alleges that Benny Napoleon, Former Chief of Police violated the Plaintiffs due process rights under the 4th & 14th Amendments of the United States Constitution

9. In accordance with 28 U.S.C. §1441(a) and 1443(2), and this Court's pendent jurisdiction, this matter is removed in its entirety from the Wayne County Circuit Court to the United States District Court.

10. This Notice of Removal is filed within 30 days after service of the summons and a copy of the complaint was served on Defendant, City of Detroit Police.

11. Defense counsel on behalf of the City of Detroit and Benny Napoleon, Former Police Chief, has prepared a written notice of the removal of this action from the Wayne County Circuit Court to the United States District Court. Such notice shall be provided to Plaintiff's counsel and to the Clerk of the Wayne County Circuit Court, from which this matter is removed.

WHEREFORE, Defendants, City of Detroit and Benny Napoleon, Former Chief of Police, Remove this Action from the Wayne County Circuit Court to the United States District Court, invoking the Court's Federal Jurisdiction.

Respectfully submitted,

*[signature]*

JACOB SCHWARZBERG (P37693)
Attorney for Defendants, City of
Detroit and Benny Napoleon, Former
Chief Of Police, Only
1650 First National Bldg.
Detroit, MI 48226
(313) 237-3036

Dated: December 23, 2002

::ODMA\WORLDOX\K:\DOCS\LIT\SCHWJ\A37000\REMOVAL\FM3061.WPD

| STATE OF MICHIGAN<br>THIRD CIRCUIT COURT | SUMMONS AND<br>RETURN OF SERVICE | CASE NO. 02-233973 NO |
|---|---|---|
| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | | COURT TELEPHONE NO. (313) 224- 5234 |

THIS CASE ASSIGNED TO JUDGE: LOUIS F SIMMONS JR          Bar Number: 20491

| PLAINTIFF | DEFENDANT |
|---|---|
| NEAL SHAWN          PL 01 | VS DETROIT CITY OF          DF 002 |

**PLAINTIFF'S ATTORNEY**

BRIAN ANDREW KUTINSKY
(P-39107)
25505 W 12 MILE RD STE 1000
SOUTHFIELD, MI 48034-1811
248-353-5595

**RECEIVED**
**NOV 27 2002**
**CITY OF DETROIT**
**LAW DEPARTMENT**

| CASE FILING FEE | JURY FEE |
|---|---|
| PAID | PAID |
| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
| 09/25/02 | 12/25/02 | MARGARET AIGHEWHUOWIN |

*This summons is invalid unless served on or before its expiration date.        Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.
I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

9/25/02
Date                    Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)    MC 01 (10/97)    **SUMMONS AND RETURN OF SERVICE**    MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT


SHAWN NEAL,

    Plaintiff,

vs.

CITY OF DETROIT, a municipal corporation, DETROIT POLICE OFFICER MIGUEL BRUCE, DETROIT POLICE OFFICER DERRICK THOMAS and BENNY NAPOLEON, former Chief of Police,

    Defendants.

02-233973 NO 9/25/2002
JDG:LOUIS F SIMMONS JR
NEAL SHAWN
vs
DETROIT CITY OF



BRIAN A. KUTINSKY (P39107)
Attorney for Plaintiff
25505 W. Twelve Mile Road, Suite 1000
Southfield, Michigan 48034
(248) 353-5595

## COMPLAINT AND JURY DEMAND

NOW COMES, the Plaintiff, SHAWN NEAL, by and through his attorneys, MINDELL, MALIN, KUTINSKY & BENSON, and in support of his Complaint against the Defendants, states as follows:

1. That the Plaintiff is and has been at all times pertinent hereto, a resident of the City of Detroit, County of Wayne, State of Michigan.

2. That the Defendant, CITY OF DETROIT, is a municipal corporation and is responsible for the overall administration and operation of the Detroit Police Department.

3. That the Defendant, BENNY NAPOLEON, was, at all times pertinent hereto, Chief of Police for the City of Detroit.

4. That the Defendant, OFFICER MIGUEL BRUCE, is a City of Detroit Police Officer.

5. That the Defendant, OFFICER DERRICK THOMAS, is a City of Detroit Police Officer.

6. That all acts complained of occurred in the City of Detroit, County of Wayne, State of Michigan.

7. That on or about January 18, 2001, the body of Shannon Reece a/k/a "Science", was found in the City of Detroit.

8. That it was subsequently determined that Shannon Reece had been murdered.

9. That on or about February 25, 2001, Defendant, DETROIT POLICE OFFICER MIGUEL BRUCE, came to Plaintiff's home, without a warrant, entered Planitiff's home, handcuffed him and took Plaintiff to police headquarters for questioning.

10. That during the course of the Interrogation, DETROIT POLICE OFFICER MIGUEL BRUCE continually threatened Plaintiff, SHAWN NEAL, and told Plaintiff that he would get "knocked off" if he did not cooperate with the police.

11. That SHAWN NEAL eventually gave a statement following which he was permitted to leave.

12. That DETROIT POLICE OFFICER MIGUEL BRUCE was assigned to investigate the murder of Shannon Reece in January of 2001.

13. That on April 11, 2001, DETROIT POLICE OFFICER MIGUEL BRUCE contacted Plaintiff, SHAWN NEAL, by telephone and requested that he come down to the police station.

2

14. That during the same telephone conversation, DETROIT POLICE OFFICER MIGUEL BRUCE advised Plaintiff that he would not require an attorney and that Defendant BRUCE simply wanted to speak to Plaintiff again regarding the murder of Shannon Reece.

15. That of his own free will, Plaintiff went down to the police station to meet with Defendant BRUCE.

16. That as soon as Plaintiff presented to the police station, he was taken into a room from which he was not free to leave and was, effectively, under arrest.

17. That over the next several hours, Plaintiff was interrogated by Defendants, DETROIT POLICE OFFICER MIGUEL BRUCE and DETROIT POLICE OFFICER DERRICK THOMAS.

18. That during the interrogation, Plaintiff was not free to leave and was, effectively, under arrest.

19. That Plaintiff advised Defendants, BRUCE and THOMAS, numerous times that he did not have any information regarding the murder of Shannon Reece.

20. That while in custody, Plaintiff was denied a phone call.

21. That while in custody, Plaintiff was continually threatened by Defendant, BRUCE, who specifically threatened Plaintiff that Defendant BRUCE would have Plaintiff raped and that Defendant BRUCE would take "six months out of his life" unless Plaintiff told the officers what they wanted to hear.

22. That while Plaintiff was in custody on April 11, 2001, Defendants BRUCE and THOMAS, subsequently had Plaintiff's girlfriend, Camille Brown, taken into custody.

23. That Defendants BRUCE and THOMAS threatened Plaintiff that his child would be taken away from him if he did admit to being involved in the murder of Shannon Reece.

24. That after hours of interrogation and threats of physical violence, including rape, Plaintiff, SHAWN NEAL, allegedly confessed to being involved in the murder of Shannon Reece.

25. That each of the Defendants used coercive and/or torturous tactics in taking such statements of Plaintiff including depriving Plaintiff of food and water and refusing to let him use the restroom.

26. That the information contained in the statements attributed to Plaintiff, was actually provided by Defendant Police Officers who took such statements.

27. That each of the Defendants provided false information allegedly attributable to Plaintiff, SHAWN NEAL, which Plaintiff did not provide to them and which the officers knew or should have known were not attributable to Plaintiff.

28. That based on the false information provided by each of the Defendants, Plaintiff, SHAWN NEAL, was arrested and charged with the crime of murder in the first degree.

29. That following the preliminary examination, Plaintiff was bound over for trial and incarcerated in the Wayne County Jail.

30. That in August of 2001, a Walker Hearing was held before Judge Bruce Morrow of the Wayne County Circuit Court following which it was determined that the statements allegedly attributable to Plaintiff were ruled inadmissable.

31. That Plaintiff remained incarcerated until his trial on October of 2001 at which time all charges were dropped.

32. That at all times pertinent hereto, Defendants, OFFICER MIGUEL BRUCE and OFFICER DERRICK THOMAS, were employed by the City of Detroit and, therefore, the City of Detroit was responsible for their actions and/or inactions as said Officers were carrying out their official duties.

33. That the Defendant, CHIEF BENNY NAPOLEON, was responsible for the training, hiring and discipline of said Officers.

34. That the arrest and incarceration of Plaintiff, SHAWN NEAL, was a direct and proximate result of the forced, coerced and inaccurate statements provided the Defendants, DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS and by CHIEF BENNY NAPOLEON.

35. That the conduct of the Defendants, DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS and CHIEF BENNY NAPOLEON, in providing coerced, inaccurate and false statements was so shocking to the conscience as to violate the due process clause of the United States Constitution.

36. That the Defendant, CITY OF DETROIT, was, at all times pertinent hereto responsible for hiring training, supervision and conduct of their employees and/or agents including police officers and especially the actions and/or inactions of the Defendants, DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS and CHIEF BENNY NAPOLEON and were acting within the scope or course of their employment as agents/servants and/or employees of the City of Detroit.

37. That at all times pertinent hereto, Defendants, DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS and CHIEF BENNY NAPOLEON, were acting under color of State law when they unlawfully and without

probable cause, justification or exigent circumstances caused Plaintiff to be arrested, incarcerated and prosecuted.

## COUNT I
## FALSE ARREST / FALSE IMPRISONMENT

38. That Plaintiff hereby incorporates by reference paragraphs one through thirty-seven in their entirety as repeated paragraph by paragraph.

39. That as a direct and proximate result of the inaccurate, coercive and false statements taken by the Defendants, CITY OF DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS, Plaintiff, SHAWN NEAL, was arrested and incarcerated for a period of approximately six months.

40. That Plaintiff, SHAWN NEAL, arrested based upon the false, inaccurate and coerced statements provided by the Defendants, CITY OF DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS, therefore, there was no probable cause for Plaintiff to be arrested and/or incarcerated.

41. That as a proximate result of the foregoing action, Plaintiff, SHAWN NEAL, was deprived of his liberty and subjected to insult and abuse at the time of their arrest and subsequent incarceration and, in addition, suffered mental and physical anguish, anxiety, humiliation and embarrassment all to their great disadvantage.

42. That at all times pertinent hereto, the Defendants, CITY OF DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS, were acting in bad faith and that said acts were done maliciously, wantonly and intentionally and, therefore, Plaintiff is entitled to exemplary and/or punitive damages.

## COUNT II – GROSS NEGLIGENCE

43. That Plaintiff hereby incorporates by reference paragraphs one through forty-two in their entirety as repeated paragraph by paragraph.

6

44. That the Defendants, CITY OF DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS and CHIEF BENNY NAPOLEON were grossly negligent in obtaining said statements from Plaintiff, SHAWN NEAL, when they knew that said statements were inaccurate, false and coerced and, therefore, that there was no probable cause upon which to base the arrest and imprisonment of Plaintiff, SHAWN NEAL.

45. That the Defendants, CITY OF DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS and CHIEF BENNY NAPOLEON, intentionally, or with complete disregard for the truth, manufactured facts which they knew to be false and coerced in order to obtain a false confession which ultimately led to the arrest and incarceration of Plaintiff.

46. That as a direct and proximate result of Defendants, CITY OF DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS and CHIEF BENNY NAPOLEON, Plaintiff did suffer and will continue to suffer from humiliation and embarrassment as well as extreme mental and emotional anguish and damage to their reputation.

47. That Defendants, CITY OF DETROIT POLICE OFFICERS, MIGUEL BRUCE and DERRICK THOMAS and CHIEF BENNY NAPOLEON, acted maliciously, wantonly and intentional and therefore, Plaintiff is entitled to exemplary and/or punitive damages.

## COUNT IV
## CONSTITUTIONAL VIOLATIONS UNDER 42 USC SEC. 1983 AND STATE LAW AS TO DEFENDANT POLICE OFFICERS

48. That Plaintiff hereby incorporates by reference paragraphs one through forty-seven in their entirety as repeated paragraph by paragraph.

7

49. That 42 USC Sec. 1983 provides for civil liability for deprivation under color of state law or any right, privilege or immunity derived from the United States Constitution, or US laws.

50. That all of the above Defendants were acting under color of state law.

51. That all of the above Defendants were acting in their official and/or individual capacities.

52. That at all times pertinent hereto, the Defendants, CITY OF DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS and CHIEF BENNY NAPOLEON, did act individually and jointly, separately and in concert, in an unlawful, malicious and willful manner with deliberate indifference and gross negligence and under the color of State and Federal laws when they imprisoned, incarcerated and defamed Plaintiff.

53. That as a result actions/inactions of the Defendants, CITY OF DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS and CHIEF BENNY NAPOLEON, Plaintiff was deprived of his constitutional rights and privileges and immunities secured by the Michigan Constitution as well as the Constitution of the United States, specifically 42 USC 1983 including but not limited to the following:

    a.    The right to be free from illegal seizures of objects, persons or property as guaranteed by the Constitution of the United States of America, Amendment No. 4;

    b.    The right to be free from invasion of privacy as guaranteed by the Constitution of America, Amendments No. 1, 4 and 14;

    c.    Plaintiffs' right to be free from lost liberty without due process of law as guaranteed by the Constitution of the United States of America, Amendments No. 5 and 14;

    d.     Plaintiffs' right to equal protection under the law guaranteed by the Constitution of the United States of America, Amendments No. 5 and 14;

54.    That the Defendants, CITY OF DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS and CHIEF BENNY NAPOLEON, did violate each and every one of the constitutional amendments as therefore mentioned and furthermore, said violations were a result of gross negligence and deliberate indifference and as a result, thereof, Plaintiff did suffer and will continue to suffer from humiliation, embarrassment as well as extreme mental and emotional anguish and damage to his reputations.

55.    That Plaintiff is entitled to exemplary and punitive damages.

## COUNT V
## CONSTITUTIONAL VIOLATIONS UNDER
## 42 USC SEC. 1983 AS TO DEFENDANT, CITY OF DETROIT

56.    That Plaintiff hereby incorporates by reference paragraphs one through fifty-six in their entirety as repeated paragraph by paragraph.

57.    That the Defendant, CITY OF DETROIT, breached its duties by the following grossly negligent acts and/or omissions which include but are not limited to the following:

    a.     Failure of the City to maintain a proper policy, practice or procedure with regard to interviewing, arresting and interrogating criminal suspects or witnesses who suffer from mental disabilities;

    b.     That Defendant, CITY OF DETROIT, did fail to properly train the Defendant Police Officers, in the proper method of inquiring and determining the existence of probable cause and/or obtaining an arrest warrant when Defendants knew or should have known in the exercise of reasonable care or should have known that failure to train a police officer would subject Plaintiff or others similarly situated to unreasonable seizures and deprivation of liberty without probable cause and

9

due process of law, contrary to the Fourth and Fourteenth Amendment of the United States Constitution.

c. That Defendant, CITY OF DETROIT, failed to properly test the Defendant Police Officers' ability to comprehend and follow the interrogation policies of the police department when it knew, or with the exercise of reasonable care should have known that its failure to test Defendant police officers would subject Plaintiff or others similarly situated to unreasonable seizures and deprivation of liberty without probable cause and without due process of law, contrary to the Fourth and Fourteenth Amendment of the United States Constitution or the Constitution of the State of Michigan.

d. That Defendant, CITY OF DETROIT, did acquiesce, in the behavior of the Defendant Police Officers when it knew or should have known in the exercise of reasonable care, that the Defendant Police Officers were acting in bad faith and without probable cause.

e. That Defendant, CITY OF DETROIT, failed to enforce the appropriate policies outlined in the Detroit Police Manual and that by failing to enforce said policies, the City of Detroit should have known, through the exercise of reasonable care that the Defendant Police Officers, acted improperly and was grossly negligent.

f. That Defendant, CITY OF DETROIT, did have policies and procedures set out as guidelines for discipline for officers who failed to adhere to the policy and procedures outlined by the City of Detroit and that the City of Detroit, in failing to implement the disciplinary procedures were responsible for clothed officers with authority while, in fact, the Defendant Police Officers, should have been deprived of such responsibility in failing to provide the Defendant Police Officers of that responsibility, the City of Detroit knew or should have known through the exercise of reasonable care that the officer would be committing constitutional violations upon Plaintiff, including violating Plaintiff's Fourth and Fourteenth Amendment Rights, causing unjustifiable seizures to take place which resulted in Plaintiffs being deprived of his civil rights to be free from unreasonable seizures to take place which resulted in Plaintiff being deprived of his civil rights to be free from unreasonable seizures and to be free from being deprived of the right to liberty and freedom guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution, all of which constitutes deliberate indifference.

10

58. That as a direct and proximate result of the actions/inactions of the Defendant, CITY OF DETROIT, the Plaintiff did sustain injuries including assault and abuse at the time of the arrest and subsequent incarceration and in addition suffered mental and physical anguish, anxiety, humiliation and embarrassment as well as damage to his reputations all to his disadvantage.

### COUNT VI
### CONSTITUTIONAL VIOLATIONS UNDER 42 USC SEC. 1983
### AS TO DEFENDANT, CHIEF BENNY NAPOLEON

59. That Plaintiff hereby incorporates by reference paragraphs one through fifty-nine in their entirety as repeated paragraph by paragraph.

60. That Defendant, CHIEF BENNY NAPOLEON, permitted Defendant Police Officers under his supervision and control to violate the Constitutional Rights of Plaintiff, SHAWN NEAL, as set forth above.

61. That Defendant, CHIEF BENNY NAPOLEON, in his policy making position has adopted, promulgated or ratified a custom, policy or practice which violated Plaintiff's Constitutional Rights.

62. That Defendant, CHIEF BENNY NAPOLEON, had the authority to adopt, promulgate or ratify such a custom, policy or practice.

63. That adopted promulgated, or ratified custom, policy or practice, whether express or implied permitted Defendant Police Officers to violate Plaintiff's Constitutional Rights.

64. That despite Defendant, CHIEF BENNY NAPOLEON'S knowledge of the above custom, policy or practice, CHIEF BENNY NAPOLEON did not act to end the violations, through adoption, promulgation, or ratification of contrary customs, policy or

practice, effective supervision of implementing Officials and Officers, enforcement of contrary custom, policy or practice or by any other means.

65. That Defendant, CHIEF BENNY NAPOLEON, did not train, discipline, train or monitor the Defendant Police Officers to prevent the violations of Plaintiff's Constitutional Rights.

66. That Defendant, CHIEF BENNY NAPOLEON, demonstrated intentional reckless and willful disregard for Plaintiff's Constitutional Rights.

67. That as a proximate result of Defendant, CHIEF BENNY NAPOLEON'S Constitutional Violations, Plaintiff suffered injuries and damages as set forth above.

## COUNT VII
## CONSPIRACY AS TO DEFENDANT OFFICERS BRUCE AND THOMAS

68. Plaintiff hereby incorporates by reference paragraphs one through sixty-seven in their entirety as repeated paragraph by paragraph and word for word.

69. That the Defendants, DETROIT POLICE OFFICERS MIGUEL BRUCE, and DERRICK THOMAS did act deliberately to conspire to deprive Plaintiff, SHAWN NEAL, of his constitutional rights by unlawful and illegal means.

70. That as a direct and proximate result of the conspiratory acts of the City of DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS, Plaintiff did experience pain and suffering as well as humiliation, embarrassment and extreme mental and emotional anguish and damage.

71. That Defendants, DETROIT POLICE OFFICERS MIGUEL BRUCE and DERRICK THOMAS, acted maliciously, wantonly and intentionally, and, therefore, Plaintiff is entitled to punitive and/or exemplary damages.

12

WHEREFORE, Plaintiff prays that this Court enter a Judgment in favor of Plaintiff for an amount in excess of One Million ($1,000,000) Dollars.

Respectfully submitted,

MINDELL, MALIN, KUTINSKY
AND BENSON

BY:_____
BRIAN A. KUTINSKY (P39107)
Attorney for Plaintiff
25505 W. Twelve Mile Road, Suite 1000
Southfield, Michigan 48034
(248) 353-5595

## JURY DEMAND

NOW COMES, the Plaintiff herein, SHAWN NEAL, by and through his attorneys, MINDELL, MALIN, KUTINSKY & BENSON, and hereby demands a trial by jury in this matter, said jury fee having been paid.

Respectfully submitted,

MINDELL, MALIN, KUTINSKY
AND BENSON

BY:_____
BRIAN A. KUTINSKY (P39107)
Attorney for Plaintiff
25505 W. Twelve Mile Road, Suite 1000
Southfield, Michigan 48034
(248) 353-5595

MINDELL, MALIN, KUTINSKY & BENSON
Attorneys & Counselors
25505 WEST TWELVE MILE RD., SUITE 1000
SOUTHFIELD, MI 48034-1811
(248) 353-5595

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**Shawn Neal,**

    Plaintiff,

                                              Case NO.
                                              HON.

vs.

**City of Detroit** a municipal corporation,
Detroit Police Officer **Miguel Bruce**,
Detroit Police Officer **Derryck Thomas** and
**Benny Napolean**, Former Chief of Police,

    Defendants.

_____/

| | |
|---|---|
| Brian A. Kutinsky (P-39107)<br>Attorney for Plaintiff<br>25505 W. Twelve Mile Road, Ste 1000<br>Southfield, MI 48034<br>(248) 353-5595 | Removal From:<br>Case No. 02-233973 NO<br>Hon. Louis F. Simmons, Jr.<br>Wayne County Circuit Couirt |

Magistrate Judge:

Jacob Schwarzberg (P-37693)
Attorneys for Defendants, City of Detroit
and Benny Napoleon, Only
City of Detroit Law Department
1650 First National Building
Detroit, Michigan 48226
(313) 237-3036

_____/

## CERTIFICATE OF SERVICE:

## FILING OF THE NOTICE OF REMOVAL OF CIVIL ACTION FROM WAYNE COUNTY CIRCUIT COURT BY DEFENDANTS, CITY OF DETROIT, AND BENNY NAPOLEON, FORMER CHIEF OF POLICE

::ODMA\WORLDOX\K:\DOCS\LIT\FMACNEAR\A37000\PROOF\FM3076.WPD

I state that on **December 23, 2002,** I served a copy of the above captioned document and Certificate of Service upon the above-named attorney of record, by placing same in an envelope with the address shown on the above caption, and after securely sealing same and affixing sufficient first class postage thereto, deposited same in the United States mail for transmission to the addressee thereof.

According to the routine practice of the City of Detroit Law Department, items picked up by our Mail Clerk are weighed, appropriate first-class postage is affixed and the Mail Clerk mails the items on the day she/he received them if he/she receives them before 4:30 p.m., or on the following day if she/he received them later than that time.

**FLORENE MACNEAR**