

ORIGINAL

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Shawn Neal,
Plaintiff,

v.

City of Detroit,
Detroit Police Officer Miguel Bruce,
Detroit Police Officer Derryck Thomas,
Detroit Police Officer Andrew Sims, and
Benny Napoleon, Former Chief of Police
Defendants.

Case Number: 02-75102
Hon. Gerald E. Rosen
Magistrate Judge: R. Steven Whalen

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      MAR 2 5 2004

Present:    Honorable Gerald E. Rosen
            United States District Judge

## I. Factual Background

On December 23, 2002 Plaintiff, Shawn Neal, filed this action alleging that his civil rights were violated by Defendants pursuant to 42 U.S.C. §1983. Neal also alleges state common law claims of false arrest, false imprisonment, gross negligence, and conspiracy. Plaintiff alleges that on or about February 25, 2001, Defendant Miguel Bruce entered his home without a warrant, handcuffed him and took him to police headquarters for questioning concerning the murder of Shannon Reece. Plaintiff claims that during the interrogation,

Defendant Bruce continually threatened him with violence if he did not cooperate with the police. Plaintiff further alleges that on April 11, 2001, he voluntarily appeared at the police station for subsequent questioning. He claims that during the course of this questioning, Defendants Bruce and Thomas did not allow him to leave, denied him food and water, denied him use of a restroom, denied him a phone call, and threatened to have him raped if he did not cooperate. Plaintiff claims that he was coerced into giving a written statement, and was subsequently charged with the murder of Shannon Reece.

A Walker hearing[1] was held in Neal's criminal case on August 3, 2001 before the Honorable Bruce Morrow, 36th District Court Judge, to determine the admissibility of Plaintiff's written statement. Judge Morrow suppressed that statement after finding that Plaintiff was in custody at the time of the statement and after the police officers admitted that they did not Mirandize him. Judge Morrow further determined that Officer Bruce "...threatened Mr. Neal and that he helped Mr. Neal to decide that it was in his best interest to provide [Officer Bruce] with a statement."[2] Subsequent to Judge Morrow's ruling at the Walker hearing, the pending murder charges against Neal were dropped.

Based on Judge Morrow's ruling suppressing the written statement, Plaintiff now moves for partial summary judgment in this case seeking a ruling from the Court estopping Defendants Bruce and Thomas from relitigating the issue of the involuntariness of Plaintiff's written statement.

---

[1] People v. Walker, 374 Mich. 331 (1965)
[2] Judge Morrow indicated in his opinion that his ruling does not consider whether the information contained within Plaintiff's statement was factual, only that it was obtained by unconstitutional means.

## II. Analysis

### A. Standard of Review

On a motion for summary judgment, the moving party bears the initial burden of establishing that there is no "genuine issue as to any material fact" and that the movant is entitled to judgment as a matter a law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether or not there are issues of fact necessitating trial, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson, 477 U.S. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Once the moving party presents sufficient evidence to support the motion, the burden shifts to the adverse party to set forth specific facts showing a genuine triable issue. Fed. R. Civ. P. 56(e); Street v. J.C. Bradford & Co., 886 F. 2d 1472, 1479 (6th Cir. 1989); Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). The nonmovant "must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street, 886 F.2d at 1479 (citing Anderson, 477 U.S. at 257). Moreover, conclusory allegations are insufficient to withstand a motion for summary judgment. McDonald v. Union Camp Corp. 898 F.2d 1155, 1162 (6th Cir. 1990).

### B. Collateral Estoppel

Offensive use of collateral estoppel occurs when a plaintiff seeks to prevent a defendant from relitigating an issue the defendant previously litigated unsuccessfully in another action against the same or a different party. Parklane Hosiery Co., Inc. et al v. Shore, 439 U.S. 322

(1979). In this case, Plaintiff asserts that the issue of the involuntariness of the Plaintiff's written statement was previously litigated at the Walker hearing in his state court criminal case. Therefore, he contends that each of the Defendants is estopped from denying that the statement was obtained in violation of Plaintiff's constitutional rights.

"Federal courts must apply state collateral estoppel law when determining whether a state court's judicial determination has preclusive effect in a particular § 1983 action." Burda Bros., Inc. v. Walsh, 22 Fed.Appx. 423, 429-30 (6th Cir. 2001).

> Under Michigan law, collateral estoppel precludes relitigation of an issue in a proceeding that resulted in a valid, final judgment and the same issue was actually litigated and necessarily determined. In determining whether an issue was 'actually litigated' in the prior proceeding, it is necessary to consider whether the party against whom collateral estoppel is asserted has had a full and fair opportunity to litigate the issue.

Id., at 430.[3]

In this case, Defendant Police officers were not parties in the state court criminal case; each was merely a witness at the Walker hearing held in that action. As a result, the Defendant police officers lacked a personal stake in the outcome of the criminal action or the Walker hearing. Consequently, Defendants did not have an incentive or opportunity to fully and fairly litigate any issues concerning their conduct during the course of such a proceeding. "Because [defendants] could not have been held personally liable in such a [State] proceeding, they did not have the same incentive to litigate that state court action as they did the federal §1983 action." Gutierrez v. Coughlin, 841 F.2d 484 (2nd Cir. 1988). Furthermore, the Sixth Circuit has

---

[3] See also: Darrah v. City of Oak Park, 255 F.3d 301, 311 (6th Cir. 2001). "Under Michigan law, issue preclusion applies when 1) there is identity of parties across the proceedings, 2) there was a valid, final judgment in the first proceeding, 3) the same issue was actually litigated and necessarily determined in the first proceeding, and 4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding." Darrah, 255 F. 3d at 311.

held that defendant police officers in a §1983 action could not be deemed parties to, or in privity with the parties in a prior state-court criminal case. See e.g., Von Herbert v. City of St. Clair Shores, 2003 WL 1194304, at *2 n.1 (6th Cir. Mar. 11, 2003); Kegler v. City of Livonia, 173 F.3d 429, 1999 WL 133110, at *2 n.2 (6th Cir. Feb. 23, 1999). Therefore, the doctrine of collateral estoppel does not bar relitigation of the issue of the voluntariness of plaintiff's statement in the civil §1983 action for damages.

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for partial summary judgment as to Defendants Miguel Bruce and Derryck Thomas is denied.

_____
Gerald E. Rosen
United States District Judge

PURSUANT TO RULE 77 (d), FED. R. CIV. P.
A COPY OF THIS ORDER WAS MAILED TO THE PARTIES FOR ALL
PARTIES ON _3-25_, 20_04_
_LKSaulsberry_
DEPUTY COURT CLERK